JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>TRACY MONT SLOAN AND LORI KAY SLOAN,<br><br>Debtors.<br><br>FAYEZ SEDRAK, doing business as SEDRAK FAMILY PARTNERS HOSPITALTIY,<br><br>Appellant,<br><br>v.<br><br>TRACY MONT SLOAN; and LORI KAY SLOAN,<br><br>Appellees. | Case No. 5:25-cv-02575-SPG<br>Bankr. Case No. 6:24-bk-13757-SY<br>Adversary Case No. 6:24-ap-01077-SY<br><br>**ORDER ON APPEAL** |

Appellant Fayez Sedrak ("Appellant" or "Sedrak"), doing business as Sedrak Family Partners Hospitality, appeals an Order Granting Motion to Dismiss Adversary Proceeding ("Dismissal Order") entered by the United States Bankruptcy Court Central District of California – Riverside Division. *See* (ECF No. 1 ("Notice of Appeal")); (ECF No. 20 ("Opening Brief")); *Sedrak v. Sloan*, No. 6:24-ap-01077-SY, Dkt. 34 (Bankr. C.D. Cal.

filed Oct. 1, 2025) ("*Sloan AP*" or the "Adversary Proceeding"). Appellees are debtors Tracy Mont Sloan ("Sloan") and Lori Kay Sloan (together, "Appellees" or "Debtors"). The Court has read and considered the briefing and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court AFFIRMS the Bankruptcy Court's entry of the Dismissal Order and closes the case.

## I. BACKGROUND

### A. Appellant's State Court Judgment

On December 29, 2021, Appellant-Plaintiff Fayez Sedrak, doing business as Sedrak Family Partners Hospitality, obtained a default judgment in Riverside County Superior Court against Appellee-Defendant Tracy Mont Sloan, individually and doing business as Finishline Door and Window. (ECF No. 20-1, Ex. A ("State Court Judgment") at 4–5). In state court, Sedrak alleged that in or about December 2019, Sloan fraudulently induced him to enter into contracts to purchase and install doors and fire-rated windows in connection with a construction project of a Marriott Fairfield Inn located in Perris, California. (ECF No. 20-1, Ex. D ("Adversary Complaint" or "AC") at 24, 26–27); *see In re Tracy Mont Sloan*, No. 6:24-bk-13757-MH, Dkt. No. 15 (Bankr. C.D. Cal. Sep. 30, 2024) ("*Sloan Bk. Case*"); *see generally Sloan AP*. Though Sedrak paid Sloan for these services, Sloan did not purchase and install the doors and windows for the Marriott Fairfield Inn in accordance with the contracts. (AC at 26–27). Consequently, Sedrak suffered $260,000.00 in damages. (*Id.*). The Riverside County Superior Court entered a default judgment against Sloan in the amount of $260,000.00 plus interests and costs to be held in a constructive trust. (State Court Judgment at 4–5).

### B. Appellees' Bankruptcy Court Proceedings

On June 28, 2024, Appellees-Debtors Sloan and joint debtor Lori Kay Sloan filed a Chapter 7 Voluntary Petition for bankruptcy. (AC at 24); *see Sloan Bk. Case*, Dkt. No. 1. On October 7, 2024, the bankruptcy court entered an order discharging Appellees' debts pursuant to 11 U.S.C. § 727. *Sloan Bk. Case*, Dkt. No. 16.

On September 30, 2024, Appellant-Plaintiff Sedrak filed an Adversary Complaint Objecting to Entry of Discharge, arguing pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6) that Appellees are not eligible for discharge as debtors. (AC at 24); *see Sloan Bk. Case*, Dkt. No. 15. Appellant sought a determination of non-dischargability of the debt Appellees incurred as a result of the State Court Judgment. (AC at 24). Section 523(a)(2)(A) sets forth the discharge exception for actual fraud, section 523(a)(4) for fraud by a fiduciary, and section 523(a)(6) for willful and malicious injury. 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), 523(a)(6). The record indicates that after filing the Adversary Complaint, Appellant did not file another document until May 13, 2025. *See Sloan AP*, Dkt. 8. The May 13, 2025, filing was a Joint Status Report pursuant to Local Bankruptcy Rule 7016-1(a)(2), filed jointly with Appellees. *Id.*

On May 21, 2025, the bankruptcy court judge sanctioned Appellant's then counsel, Mark E. Madison, $500.00 to be paid to the U.S. Bankruptcy Court for failure to timely file a scheduling order that was due on December 13, 2024. *Sloan AP*, Dkt. 11. On June 26, 2025, the bankruptcy court continued a status hearing on the Adversary Complaint scheduled on that day to September 11, 2025. *Sloan AP*, Dkt. 16. On August 15, 2025, Appellees filed a Motion to Dismiss Adversary Proceeding for Lack of Prosecution. *Sloan AP*, Dkt. 18 ("AP MTD")). On August 21, 2025, Appellant filed Notice of Substitution of Attorney, notifying the Court that Wendy M. Benge was now his counsel of record, and that he was no longer represented by Mark E. Madison. *Sloan AP*, Dkt. 20.

On September 11, 2025, the bankruptcy court judge held a hearing on the AP MTD, at which counsel for Appellant and Appellees both appeared, and granted the Motion. *Sloan AP*, Dkts. 29, 30; *see* (ECF No. 6 ("AP MTD Hearing Transcript")). During the hearing, the bankruptcy court stated that it previously denied Appellant's request to continue the deadlines for "insufficient cause." (AP MTD Hearing Transcript at 13–14). The bankruptcy court judge also stated that Appellant did not appear at the status conference set for June 26, 2025. (*Id.* at 14–15); *see Sloan AP*, Dkt. 16 (continuing status conference hearing to Sept. 11, 2025). Given the procedural history in the case, that

Appellant, "through [former counsel], has missed deadlines[,] [d]id not prosecute this case, did not comply with court orders," and upon review of the factors set forth in *Henderson v. Duncan*, 779 F.2d 1421 (9th Cir. 1986), the bankruptcy court judge dismissed Appellant's Adversary Complaint pursuant to Federal Rule of Civil Procedure 41(b), made applicable pursuant to Federal Rule of Bankruptcy Procedure 7041. (AP MTD Hearing Transcript at 20–23). On September 22, 2025, on order of the bankruptcy court judge, Appellees filed a Notice of Lodgment of Order or Judgment in Adversary Proceeding. (ECF No. 20-1, Ex. B); *Sloan AP*, Dkt. 31. On October 1, 2025, the bankruptcy court judge entered the Order Granting the Motion to Dismiss and dismissed the adversary proceeding for lack of prosecution pursuant to Fed. R. Civ. P. 41(b), incorporated by Federal Rule of Bankruptcy Procedure 7041. (ECF No. 20-1, Ex. B ("Dismissal Order") at 7–9); *Sloan AP*, Dkt. 34.

### C. Appellant's Appeal

On September 29, 2025, Appellant filed a Notice of Appeal, seeking to appeal the order granting Appellees' Motion to Dismiss Adversary Proceeding for Lack of Prosecution. (Notice of Appeal). On April 2, 2026, this Court received from the Clerk of Bankruptcy Court the certificate of readiness and completion of record on appeal. (ECF No. 17). Appellant filed an Opening Brief on May 5, 2026. (Opening Brief). On June 4, 2026, Appellees filed an Opposition Brief. (ECF No. 21 ("Opposition")). On June 17, 2026, Appellant filed a Reply Brief. (ECF No. 22 ("Reply")).

## II. LEGAL STANDARD

District courts have jurisdiction to hear appeals of "final judgments, orders, and decrees" entered by bankruptcy judges. 28 U.S.C. § 158(a). In reviewing a bankruptcy court's decision, the district court functions as an appellate court and applies the same standards of review as a federal court of appeals. *In re Crystal Props., Ltd., L.P.*, 268 F.3d 743, 755 (9th Cir. 2001) (internal quotation marks and citation omitted). Conclusions of law are reviewed de novo, and findings of fact are reviewed for clear error. *In re Straightline Invs., Inc.*, 525 F.3d 870, 876 (9th Cir. 2008). When sitting as an appellate

court in bankruptcy, the district court "may affirm the bankruptcy court on any ground supported by the record, even if it differs from the bankruptcy court's stated rationale." *In re Cerchione*, 414 B.R. 540, 545 (B.A.P. 9th Cir. 2009).

Federal Rule of Bankruptcy Procedure 7041 establishes that Federal Rule of Civil Procedure 41 "applies in an adversary proceeding." Fed. R. Bank. P. 7041. Rule 41, in turn, permits a defendant to dismiss an action or claim against it "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). "[T]he bankruptcy court's dismissal of an adversary proceeding based upon a plaintiff's failure to prosecute is reviewed for an abuse of discretion." *In re Roessler-Lobert*, 567 B.R. 560, 657 (B.A.P. 9th Cir. 2017). The reviewing court first considers de novo whether the lower court identified "the correct legal rule to apply the relief requested." *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009). If so, the lower court's factual findings are reviewed for clear error, and will be reversed only if it is "illogical, implausible, or without support in inferences that may be drawn from the record." *Id.* at 1263. A sanction of dismissal is overturned only if there is "a definite and firm conviction that was clearly outside the acceptable range of sanctions." *In re Roessler-Lobert*, 567 B.R. at 567 (internal quotation marks and citation omitted).

## III. DISCUSSION

Appellant appeals an order dismissing adversary proceeding for lack of prosecution entered in the United States Bankruptcy Court for the Central District of California. *See* (Opening Brief). According to Appellant, the bankruptcy court judge erred in multiple ways. Primarily, Appellant argues that the bankruptcy court improperly applied the dismissal factors set forth in *Henderson*, 779 F.2d at 1421, and should have applied the excusable neglect factors set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) and *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220 (9th Cir. 2000). (Opening Brief at 9).[1]

[1] Appellant also argues that the bankruptcy court failed to give preclusive effect to the State Court Judgment, and dismissal of the adversary proceeding deprived Appellant of his

**A. Abuse of Discretion**

The Court concludes that the bankruptcy court appropriately applied the factors set forth in *Henderson v. Duncan* to determine whether the adversary proceeding should be dismissed for lack of prosecution. Upon review of the record in the adversary proceeding and the hearing on the motion, the Court further concludes that the bankruptcy court's findings of fact were not clearly erroneous.

1. <u>Identification of the Correct Legal Rule</u>

Appellant first argues that the bankruptcy court failed to evaluate the "excusable neglect" factors set forth in *Pioneer Inv. Servs. Co.*, 507 U.S. at 380, and *Bateman*, 231 F.3d at 1220, because his delay in prosecuting the case was "attributable to counsel." (Opening Brief at 9). According to Appellant, the bankruptcy court should have apportioned responsibility between Appellant and Appellant's former counsel. (*Id.*).

---

property interest in the constructive trust created by the State Court Judgment, in violation of the Fifth Amendment. (Opening Brief at 6–8, 12–14). These arguments are unpersuasive. The issue of whether Appellant's State Court Judgment is entitled to preclusive effect is an argument on the merits of Appellant's Adversary Proceeding that a court need not scrutinize when reviewing a dismissal for lack of prosecution. *See In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (courts "need not scrutinize the merits of a case when reviewing a dismissal" for lack of prosecution under Rule 41(b)). Appellant's Fifth Amendment argument overlooks the factual record in the case. Citing to *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), Appellant argues that dismissal of his Adversary Proceeding denied him an opportunity to be heard at a meaningful time in a meaningful manner. (Opening Brief at 12–13). Yet Appellant had the opportunity to file the Adversary Complaint and, according to uncontested findings of fact by the bankruptcy court, "multiple opportunities" to litigate the case. (AP MTD Hearing Transcript at 20). Thus, these arguments do not address the legal question of whether the bankruptcy court abused its discretion in dismissing the Adversary Proceeding pursuant to Federal Rule of Civil Procedure 41(b), as incorporated by Federal Rule of Bankruptcy Procedure 7041. *See In re Roessler-Lobert*, 567 B.R. at 657. In any event, these arguments were not raised before the bankruptcy court, and therefore this Court declines to consider these arguments. *See In re Roberts*, 331 B.R. 876, 881 (B.A.P. 9th Cir. 2005), *aff'd and remanded*, 241 F. App'x 420 (9th Cir. 2007) (declining to consider arguments not presented to the bankruptcy court).

Appellees argue that the bankruptcy court appropriately applied the factors identified in *Henderson* because they sought dismissal of the Adversary Complaint pursuant to Federal Rule of Civil Procedure 41(b), incorporated by Federal Rule of Bankruptcy Procedure 7041. (Opp. at 13–14). The Court agrees with Appellees.

In the Adversary Proceeding, Appellees filed a Motion to Dismiss Adversary Proceeding for Lack of Prosecution pursuant to Rule 41(b). *See* (AP MTD). Courts in the Ninth Circuit weigh the following five factors to adjudicate a Rule 41(b) motion: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423; *see, e.g.*, *In re Eisen*, 31 F.3d at 1451 (citing *Henderson* to review a motion to dismiss an adversary proceeding for lack of prosecution); *In re Roessler-Lobert*, 567 B.R. at 568 (same). These factors are also known as the *Henderson* factors. Accordingly, the bankruptcy court applied the *Henderson* factors when considering Appellee's Motion. (AP MTD Hearing Transcript at 17).

Appellant's argument that the bankruptcy court should have applied the "excusable neglect" factors overlooks the procedural posture of Appellee's Motion and the language in *Pioneer Inv. Servs. Co.* and *Bateman*. *See* (Opening Brief at 9). As described above, Rule 41(b) permits a defendant to dismiss a case against it if the plaintiff "fails to prosecute" its case. Fed. R. Civ. P. 41(b). A finding of excusable neglect, by comparison, permits a court to relieve a party from final judgment pursuant to Rule 60(b), or extend the time to file a motion pursuant to Rule 6(b). *See* Fed. R. Civ. P. 6(b)(1)(B), 60(b). Whether Appellant may now show excusable neglect is not one of the considerations for a Rule 41(b) analysis, nor do Appellant's cited cases address "excusable neglect" in relation to a Rule 41(b) motion to dismiss for lack of prosecution. *See Henderson*, 779 F.2d at 1423. *Pioneer Inv. Servs. Co.* and *Bateman* support this interpretation of "excusable neglect." In *Pioneer*, the Supreme Court recognized that the "excusable neglect" standard to permit late filings found in Federal Rule of Bankruptcy 9006(b)(1) was patterned after

Federal Rules of Civil Procedure 6(b) and 60(b), and did not address Federal Rule of Bankruptcy Procedure 7041 or Federal Rule of Civil Procedure 41. *Pioneer Inv. Servs. Co.*, 507 U.S. at 389. The excusable neglect factors discussed in *Bateman*, similarly, apply in the context of a Rule 60(b) motion seeking relief from judgment, and not a Rule 41(b) motion to dismiss for lack of prosecution. *Bateman*, 231 F.3d at 1223–24. Appellant has otherwise not cited authority where "excusable neglect" would apply in considering a Rule 41(b) motion for lack of prosecution. Thus, the Court concludes that the bankruptcy court appropriately identified the factors set forth in *Henderson* to evaluate a Rule 41(b) motion.

2. Clearly Erroneous

Appellant next argues that the bankruptcy court's application of the facts was "illogical and implausible" under *Hinkson*, 585 F.3d at 1247, because despite identifying that Appellant's counsel had done a "horrible job" prosecuting the case, the bankruptcy court "imposed the most severe consequence on the innocent party by terminating the case." (Opening Brief at 10). In essence, Appellant argues that the bankruptcy court's weighing of the *Henderson* factors was illogical. *See* (*id.* at 9–10). Appellees contend that the bankruptcy court was within its discretion to determine that at least four of the five *Henderson* factors weigh in favor of dismissal. (Opp. at 17–20).

Upon review of the AP MTD Hearing Transcript, the Court concludes that the bankruptcy court's evaluation of the *Henderson* factors was not "illogical, implausible, or without support in inferences that may be drawn from facts in the record," *Hinkson*, 585 F.3d at 1251, and dismissal was not "clearly outside the acceptable range of sanctions." *In re Roessler-Lobert*, 567 B.R. at 567 (internal quotation marks and citation omitted); *see also In re Mazgani*, No. 2:19-BK-21655, 2025 WL 2410772, at *7 (C.D. Cal. Aug. 15, 2025) (affirming bankruptcy court's order dismissing case for lack of prosecution). During the AP MTD Hearing, the bankruptcy court made a number of findings of fact. Appellant's Adversary Complaint has "been pending for a year," and the deadline to file a non-dischargability complaint passed about a year previously. (AP MTD Hearing Transcript

at 17–18). During that year, Appellant, through his former counsel, "was given multiple opportunities to get things done," but "did nothing, other than filing that [Adversary Complaint]." (*Id.* at 14). Appellant "missed deadlines," "did not prosecute the case," and "did not comply with court orders." (*Id.*). Appellant's former counsel was admonished for his conduct at a status conference in May of 2025, sanctioned, and "still did nothing" to prosecute the case. (*Id.* at 16). For example, the bankruptcy court held a status conference in June of 2025, and Appellant again did not appear. (*Id.* at 9, 17). In the interim, Appellees "had to incur additional attorney fees and costs and delay in getting his full and final discharge in this bankruptcy case." (*Id.* at 16).

Appellant does not contest the above factual findings. *See* (Opening Brief at 9–10); (Reply at 4 (Appellant's former counsel's "missed deadlines, discovery failures, procedural deficiencies, and other litigation missteps . . . are not materially disputed.")). Based on the Court's review of the record in the Adversary Proceeding, the Court finds that none of these findings of fact were clearly erroneous.

After reaching these findings of fact, the bankruptcy court explained why four of the five *Henderson* factors weighed in favor of dismissal under Rule 41(b). (AP MTD Hearing Transcript at 21–23). Regarding the "public interest in expeditious resolution of litigation," and the "court's need to manage its docket," the bankruptcy court recognized that "[d]ischarges are favored in bankruptcy," that Plaintiff "failed to protect the public's interest and expeditious litigation," and that the bankruptcy court had a "high interest in managing [its] docket," given the increase in bankruptcy filings and decrease in number of bankruptcy judges in the United States Bankruptcy Court Central District of California – Riverside Division. (*Id.* at 20–21). The third *Henderson* factor, the risk of prejudice to the defendants, also weighed in favor of dismissal, based on the bankruptcy court's analysis, because Appellees "had to incur additional attorney fees and costs and delay in getting his full and final discharge in this bankruptcy case." (*Id.* at 22). The fourth factor, the public policy favoring disposition of cases on their merits, weighed in favor of Appellant. (*Id.*). The bankruptcy court further concluded that the final factor, the availability of less drastic

sanctions, weighed in favor of dismissal because Appellant, through his former counsel, had previously been sanctioned, but took no further action to remedy his behavior or prosecute the case. (*Id.* at 22–23). Given the findings of fact described above, which Appellant did not contest, the Court concludes that dismissal is supported by inferences that may be drawn from the record.

Appellant argues that the bankruptcy court failed to consider lesser sanctions given that he obtained new counsel and was ready to litigate the case on the merits. (Opening Brief at 10–11). However, this argument was raised before the bankruptcy court at the AP MTD Hearing, and the court rejected the argument. *See* (AP MTD Hearing Transcript at 13–14, 22–23). The bankruptcy court recognized that Appellant's counsel had already been subject to monetary sanctions and, despite this warning, continued his dilatory behavior and failed to prosecute the case. (*Id.* at 22–23). Therefore, the bankruptcy court was well within its discretion to impose the sanction of dismissal given that Appellant's behavior did not change. (*Id.* at 23); *e.g. In re Sandwell*, No. ADV RS 03-01529-DN, 2005 WL 6960219, at *4–*5 (B.A.P. 9th Cir. June 13, 2005) (concluding that the bankruptcy court's sanction of dismissal for failure to prosecute based on Appellant's failure to appear for status conference was appropriate). As the sanction of dismissal is not "clearly outside the acceptable range of sanctions," the Court declines to reverse the bankruptcy court's order. *See In re Roessler-Lobert*, 567 B.R. at 567 (internal quotation marks and citation omitted).

## IV. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Bankruptcy Court's entry of the Dismissal Order. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

DATED: October 6, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE